# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| TAYLOR ROSS JACOBS, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No. 3:19-cv-00238 |
|  | ) | Judge Trauger |
| TRAVIS WAGNER, et al., | ) |  |
| Defendants. | ) |  |

## MEMORANDUM OPINION

Taylor Ross Jacobs, an inmate at the Rutherford County Correctional Work Center in Murfreesboro, Tennessee, filed this *pro se* civil rights action under 42 U.S.C. § 1983 against Travis Wagner, the Smyrna Streets Department, and the Rutherford County Correctional Work Center. (Doc. No. 1.) He also filed an application to proceed in this court without prepaying fees and costs. (Doc. No. 2.)

**I.  Application to Proceed as a Pauper**

The court may authorize a prisoner to file a civil suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Because it appears from the plaintiff's *in forma pauperis* application that he cannot pay the full filing fee in advance, his application (Doc. No. 2) will be granted. The $350.00 filing fee will be assessed as directed in the accompanying order. 28 U.S.C. § 1915(b)(1).

**II.  Initial Review**

Under the screening requirements of the Prison Litigation Reform Act ("PLRA"), the court must conduct an initial review and dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2)(B); 42 U.S.C. § 1997e(c)(1). The

court must also construe a *pro se* complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept a *pro se* plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)).

A. **Factual Allegations**

The plaintiff is currently serving a two-year sentence at the Rutherford County Correctional Work Center ("RCCWC"). (Doc. No. 1 at 5.) On the morning of February 28, 2019, the plaintiff alleges that he was cleaning up litter beside Rock Springs Road in Smyrna, Tennessee, as part of his job assignment at RCCWC. (*Id.*) According to the plaintiff, he was standing "directly ahead of the work van, preparing a new trash bag." (*Id.*) Travis Wagner, a crew supervisor with the Smyrna Streets Department, then drove the work van toward the plaintiff. (*Id.*) The plaintiff yelled for Wagner to stop and "quickly jerked [his] trash picker off of the pavement so it would not be crushed by the van tire." (*Id.*) The plaintiff yelled for Wagner to stop a second time, but Wagner continued accelerating and the van's "passenger side window" struck the plaintiff in the left shoulder blade, knocking him into a ditch. (*Id.*) The plaintiff got out of the ditch and approached the passenger window of the van, at which point Wagner said, "I use the van as a cattle prod for people who lag behind." (*Id.*) The plaintiff alleges that there was a witness to this incident. (*Id.*)

Because of this incident, the plaintiff alleges, he sustained injuries to his left shoulder blade and right knee. (*Id.* at 7.) He alleges that the only medical treatment he received was a three-day regimen of ibuprofen. (*Id.*)

The plaintiff alleges that the Smyrna Street Department "had prior knowledge of [Wagner's] abuse toward inmates and continued to let him supervise them." (*Id.* at 6.) He also alleges that the RCCWC "had received multiple complaints/grievances spanning at least a year

2

about [Wagner] being abusive and continued to send work crews out with him which ultimately led to him assaulting me with a motor vehicle and the subsequent injuries." (*Id.*) He requests monetary damages from Wagner, the Smyrna Street Department, and the RCCWC. (*Id.*)

**B.   Standard of Review**

To determine whether a prisoner's complaint "fails to state a claim on which relief may be granted" under the PLRA's screening requirements, the court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). The court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). An assumption of truth does not, however, extend to allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

**C.   Discussion**

"To prevail on a cause of action under § 1983, a plaintiff must prove '(1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law.'" *Winkler v. Madison Cty.*, 893 F.3d 877, 890 (6th Cir. 2018) (quoting *Shadrick v. Hopkins Cty.*, 805 F.3d 724, 736 (6th Cir. 2015)).

**1.   Travis Wagner**

The plaintiff brings this action against Smyrna Street Department crew supervisor Travis Wagner in his individual capacity. (Doc. No. 1 at 2.) The Eighth Amendment protects prisoners

from "cruel and unusual punishment," which includes the right to be free from excessive force by prison officials. *Burgess v. Fischer*, 735 F.3d 462, 472 (6th Cir. 2013) (citing *Whitley v. Albers*, 475 U.S. 312, 318–22 (1986)). A prisoner's Eighth Amendment claim for excessive force has objective and subjective components. *Cordell v. McKinney*, 759 F.3d 573, 580–81 (6th Cir. 2014). For the objective component, a plaintiff must demonstrate that a prison official inflicted pain that was "sufficiently serious" based on "contemporary standards of decency." *Id.* at 580 (internal citations omitted). The subjective component requires the court to consider whether the alleged force applied by a prison official was "in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)).

Here, the plaintiff alleges that Wagner hit him with a work van while he was on the side on the road in Smyrna, Tennessee, resulting in injuries to his left shoulder and right knee. Accepting these allegations as true, as the court must at this stage in the proceedings, the court concludes that the plaintiff has stated an excessive-force claim against Defendant Wagner.

### 2.     Smyrna Streets Department and RCCWC

The plaintiff also brings official-capacity claims against the Smyrna Streets Department and the RCCWC. (Doc. No. 1 at 2–3.) The court construes the plaintiff's claims against the Smyrna Streets Department as an attempt to name the Town of Smyrna as a defendant. As to the RCCWC, it is a building, "not a 'person' or legal entity subject to suit under 42 U.S.C. § 1983." *McIntosh v. Camp Brighton*, No. 14–CV–11327, 2014 WL 1584173, at *2 (E.D. Mich. Apr. 21, 2014) (collecting cases establishing that jail facilities are improper defendants under Section 1983). Nonetheless, construing the complaint liberally, the court may consider the plaintiff's references to the RCCWC as an attempt to name Rutherford County as a defendant.

4

Municipal entities like the Town of Smyrna and Rutherford County can be liable under Section 1983 only "if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978)). To state a claim against the Town of Smyrna or Rutherford County, the plaintiff must allege that his "constitutional rights were violated and that a policy or custom of the municipality was the 'moving force' behind the deprivation." *Miller v. Sanilac Cty.*, 606 F.3d 240, 255–56 (6th Cir. 2010) (quoting *Powers v. Hamilton Cty. Pub. Def. Comm'n*, 501 F.3d 592, 606–07 (6th Cir. 2007)). "To show the existence of a municipal policy or custom leading to the alleged violation, a plaintiff can identify: (1) the municipality's legislative enactments or official policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal violations." *Winkler*, 893 F.3d at 901 (quoting *Baynes v. Cleland*, 799 F.3d 600, 621 (6th Cir. 2015)).

Here, the plaintiff alleges that the Smyrna Street Department "had prior knowledge of [Wagner's] abuse toward inmates and continued to let him supervise them." (Doc. No. 1 at 6.) He also alleges that the RCCWC "had received multiple complaints/grievances spanning at least a year about [Wagner] being abusive and continued to send work crews out with him which ultimately led to him assaulting me with a motor vehicle and the subsequent injuries." (*Id.*) Although the court must accept the plaintiff's allegations as true at this stage in the proceedings, these allegations are simply too conclusory to state a claim at this juncture. That is, the plaintiff's allegations are not supported by the specific facts necessary to state a claim that the Town of Smyrna or Rutherford County caused him to be subjected to the alleged deprivation of his constitutional rights. As set forth in the accompanying order, however, the court will allow the

plaintiff an opportunity to amend the complaint regarding his municipal-liability claims against the Town of Smyrna and Rutherford County if he so chooses.

### IV. Conclusion

For these reasons, the plaintiff's individual-capacity excessive-force claim against Defendant Wagner will be referred to the Magistrate Judge for further proceedings consistent with the accompanying order. Based on the allegations currently before the court, the plaintiff fails to state a claim against the Smyrna Streets Department and the RCCWC. The plaintiff, however, will have an opportunity to amend the complaint regarding his potential municipal-liability claims against the Town of Smyrna and Rutherford County. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA.").

_____
ALETA A. TRAUGER
United States District Judge